# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD; BUZZFEED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> YOGANANDA D. PITTMAN, in her official capacity as Acting Chief, U.S. Capitol Police; MICHAEL BOLTON, in his official capacity as Inspector General of the U.S. Capitol Police, <br><br> Defendants. | Case No. 1:21-cv-00465-BAH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Plaintiffs, Jason Leopold and Buzzfeed, Inc., demand that this Court order a co-equal branch of Government to disclose years' worth of internal records from the U.S. Capitol Police (USCP) and its Office of Inspector General (OIG), so that, according to Plaintiffs, they can learn more about how USCP functions. But Plaintiffs have sought to litigate their asserted common law right-of-access claim without filing a Complaint—the bare minimum required to commence a civil action in federal court. Instead, Plaintiffs have filed only a purported "Petition for a Writ of Mandamus." ECF No. 1. But the Federal Rules of Civil Procedure long ago expressly abolished the writ of mandamus in federal district court, and made clear that any effort to obtain equivalent relief must proceed through an appropriate action brought in compliance with those Rules. This Court cannot entertain Plaintiffs' defective attempt to litigate their purported right-of-access claims, and their Petition should be dismissed.

**BACKGROUND**

Plaintiffs filed their "Petition for a Writ of Mandamus" on February 23, 2021, naming as putative Respondents the Acting Chief of the U.S Capitol Police and the Inspector General of the U.S. Capitol Police. ECF No. 1. In the Petition, Plaintiffs assert that in late January 2021, Plaintiff Leopold sent request letters to the OIG and to USCP's Public Information Office requesting years' worth of OIG audits and reports, years' worth of USCP disbursement reports, all USCP directives in effect on January 6, 2021, and all permits or denials of permits for public gatherings on the Capitol Grounds for January 6, 2021. Pet. ¶ 4. After receiving a response from USCP dated February 11, 2021, *id.* ¶ 5, Plaintiffs state that Plaintiff Leopold sent a request for USCP disbursement reports to the House Legislative Resource Center, *id.* ¶ 6. Dissatisfied with the responses they received, and correctly recognizing that USCP, part of the Legislative Branch, is not subject to the Freedom of Information Act, *id.* at 2, Plaintiffs filed their Petition.

1

Plaintiffs go on to argue in their Petition that the common law right of access to public records entitles them to disclosure of the requested documents, even though they acknowledge that this doctrine is typically applied to Judicial Branch documents, not Legislative Branch documents. *Id.* at 3-12. According to Plaintiffs, *all* of the requested documents are "public records." Plaintiffs further argue that the public's alleged interest in *all* of the requested documents outweighs the Government's interest in nondisclosure. *Id.* at 5-12. They petition the Court for an order in the nature of a writ of mandamus directing the Capitol Police to produce the requested records, subject to appropriate redactions. *Id.* at 2.

Plaintiffs have to date filed no Complaint in this action, nor have they served either Defendant with a Complaint. Plaintiffs served their Petition on the U.S. Attorney for this district on February 25, 2021. ECF No. 5. Defendants continue to review Plaintiff Leopold's request for any possible additional response.

## LEGAL STANDARD

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. In reviewing a motion to dismiss under Rule 12(b)(1), a court is guided by the principle that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, a federal court must presume that it "lack[s] jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (citation omitted). The burden of demonstrating the contrary rests upon "the party asserting federal jurisdiction." *Id.*

## ARGUMENT

I.   **PLAINTIFFS' PURPORTED PETITION FOR A WRIT OF MANDAMUS IS IMPROPER, CANNOT BE HEARD BY THIS COURT, AND SHOULD BE DISMISSED.**

Since 1938, Federal Rule of Civil Procedure 81(b) has provided that "[t]he writ[]

2

of . . . mandamus [is] abolished." The Rule further provides: "Relief previously available through [the writ of mandamus] may be obtained by appropriate action or motion under these [Federal Rules of Civil Procedure]." Fed. R. Civ. P. 81(b). Yet Plaintiffs here have ignored Rule 81 and filed a Petition seeking precisely the relief that was decades ago expressly abolished. Moreover, to the extent Plaintiffs are seeking relief that was "previously available" through a writ of mandamus, they have failed to follow the process prescribed by the Rules—namely, to file an appropriate "action" or "motion."

Rule 2 provides that "[t]here is one form of action—the civil action," while Rule 3 makes clear that "[a] civil action is commenced by filing *a complaint* with the court." *See* Fed. R. Civ. P. 2, 3 (emphasis added); *see also* Fed. R. Civ. P. 3 advisory committee note 4 ('This rule provides that the first step in an action is the filing of the complaint."); *id.* advisory committee note 2 ("This rule governs the commencement of all actions, including those brought by or against the United States or an officer or agency thereof . . . ."); *Flatow v. Islamic Republic of Iran*, 305 F.3d 1249, 1252 (D.C. Cir. 2002) ("The Federal Rules of Civil Procedure provide that '[t]here shall be one form of action to be known as "civil action"' and such an action shall be commenced by filing a complaint with the court, with related service, answer, and motions obligations thereafter."). Plaintiffs have not filed a Complaint, and have therefore failed to properly commence an action under the Rules. Nor have Plaintiffs filed an appropriate motion under the Federal Rules of Civil Procedure and this Court's Local Civil Rules. The Court should reject Plaintiffs' attempt to circumvent the proper intended operation of the Federal Rules.

Consistent with these provisions of the Federal Rules, the en banc D.C. Circuit has observed that Rule 81(b) "long ago abolished the writ of mandamus in the district courts." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (en banc). And, while the D.C. Circuit acknowledged that Rule 81(b) does permit relief "'heretofore available by mandamus'" it made clear that such

3

relief is only "to be obtained by *actions* brought *in compliance with the rules*." *Id.* (quoting Fed. R. Civ. P. 81(b)) (emphasis added); *see also Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("It is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought.").[1]  Under both the plain text of Rule 81 and binding D.C. Circuit precedent, Plaintiff's purported "Petition for a Writ of Mandamus" is improper and should be dismissed.

Plaintiffs' failure to file a Complaint is no mere technical, excusable oversight.  Rather, their failure to satisfy basic notice pleading standards prejudices Defendants' ability to defend against Plaintiffs' claims.  Plaintiffs have not, for example, provided a "short and plain statement of the grounds for the court's jurisdiction," as they must to satisfy Rule 8; nor have they identified any statutory provision that would purport to confer jurisdiction over whatever claims they seek to press.  Plaintiffs' failure to satisfy these elementary jurisdictional requirements means they cannot carry their fundamental burden of demonstrating that jurisdiction properly exists.  *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3.

Plaintiffs' Petition cites *Washington Legal Foundation v. U.S. Sentencing Commission*, 89 F.3d 897 (D.C. Cir. 1996), for the proposition that "an individual claiming a common law right of access to public records may petition the court for a writ of mandamus directed to the relevant public officials."  ECF No. 1 at 4.  But the plaintiff in that case initiated it by filing a complaint, unlike Plaintiff here.  *See Wash. Legal Found. v. U.S. Sentencing Comm'n*, No. 1:93-cv-00986-CRR, Compl., ECF No. 1 (May 12, 1993).  And while the D.C. Circuit's analysis in *Washington*

---

[1] *See also, e.g.*, *Craigo v. Hey*, 624 F. Supp. 414, 416 (S.D.W. Va. 1985) ("[F]ederal courts have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, and this result is not changed because the relief sought concerns an alleged right secured by the Constitution of the United States.").

*Legal Foundation* addressed the merits of the plaintiff's common law right-of-access claim in connection with a claim to jurisdiction under 28 U.S.C. § 1361, the court did so only because "the question of jurisdiction merges with the question on the merits." *Id.* at 902. Because the court of appeals ultimately concluded that the plaintiff had no claim on the merits, jurisdiction was necessarily also lacking. *Id.* at 907 (concluding that the requested documents are "beyond the scope of the common law right of access" and affirming dismissal).

Moreover, that case did not involve an extraordinary attempt, like Plaintiffs' attempt here, to obtain mandamus relief against officials in the Legislative Branch of Government, and Plaintiffs have cited no decision sustaining mandamus jurisdiction in an action against an entity or official in the Legislative Branch. In any event, even if 28 U.S.C. § 1361 were held to confer jurisdiction on this Court to hear such an action, Plaintiffs have not properly commenced an action under the Federal Rules, as detailed above. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

A recent case heard by this Court, *Judicial Watch v. Schiff*, No. 1:19-cv-03790-BAH, *appeal docketed*, No. 20-5270 (D.C. Cir. Aug. 31, 2020), illustrates the defect in how Plaintiffs here have chosen to proceed. While the plaintiff in *Judicial Watch* did seek mandamus relief against a member of Congress and a congressional committee, it did so not by filing a bare petition for such relief, but by filing and serving a Complaint, consistent with the Federal Rules. *See Judicial Watch*, Compl., ECF No. 1.

Should Plaintiffs wish to obtain some form of judicial relief against Defendants, they must file and serve a Complaint, as required by the Federal Rules of Civil Procedure. Their purported Petition, however, seeks relief that is not available from this Court, and should be dismissed. Should this case be permitted to continue, upon completion of Defendants' review of Plaintiffs' requests and at the appropriate juncture, Defendants intend to show why Plaintiffs' common law

5

right-of-access claims cannot succeed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be granted and Plaintiffs' Petition for a Writ of Mandamus should be dismissed. To the extent the case is permitted to continue, Plaintiffs' should be required to file a Complaint consistent with the Federal Rules and to effectuate service on Defendants.

Dated: April 26, 2021                          Respectfully submitted,

                                               BRIAN M. BOYNTON
                                               Acting Assistant Attorney General

                                               JOHN R. GRIFFITHS
                                               Director
                                               Federal Programs Branch

                                               MARCIA BERMAN
                                               Assistant Director
                                               Federal Programs Branch

                                               */s/ Stuart J. Robinson*
                                               STUART J. ROBINSON (CA Bar No. 267183)
                                               M. ANDREW ZEE (CA Bar No. 272510)
                                               Attorneys
                                               United States Department of Justice
                                               Civil Division, Federal Programs Branch
                                               450 Golden Gate Ave.
                                               San Francisco, CA 94102
                                               Tel: (415) 436-6635
                                               Fax: (415) 436-6632
                                               E-mail: stuart.j.robinson@usdoj.gov

                                               *Counsel for Defendants*