## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD; BUZZFEED, INC.,

      Plaintiffs,

  v.

YOGANANDA D. PITTMAN, in her official
capacity as Acting Chief, U.S. Capitol Police;
MICHAEL BOLTON, in his official capacity as
Inspector General of the U.S. Capitol Police,

      Defendants.

Case No. 1:21-cv-00465-BAH

### JOINT MEET AND CONFER REPORT

Plaintiffs, Jason Leopold and Buzzfeed, Inc., and Defendants, Yogananda D. Pittman, in her official capacity as Acting Chief, U.S. Capitol Police; and Michael Bolton, in his official capacity as Inspector General of the U.S. Capitol Police, respectfully submit this Joint Meet and Confer Report pursuant to Local Rule 16.3(d) and Paragraph 4 of this Court's Standing Order for Civil Cases, ECF No. 4.  Beginning June 7, 2021, the parties have conferred about the issues set forth below, and the parties expect to continue conferring as needed as this case proceeds.

In response to the items listed in Local Rule 16.3, the parties state as follows:

1.      This case is likely to be disposed of by dispositive motions, specifically cross-motion for summary judgment.

2.      The parties do not anticipate joining additional parties or amending the pleadings. All other parties shall be joined and the pleadings amended by no later than October 14, 2021.  The parties preserve their rights to oppose any request to amend the pleadings or join additional parties. At this time, the parties are not in position to narrow the factual or legal issues, but they have agreed to confer about any potential narrowing as the case proceeds.

3.     The parties have not all consented to assignment to a magistrate judge for all purposes.

4.     At this stage, it is too early to determine whether there is a realistic possibility of settling the case; counsel have conferred and have determined that there is no present basis for settlement discussions, but have agreed to remain open to discussion concerning resolution of some or all disputes in the case.

5.     At this stage, the parties agree that the case is unlikely to benefit from the Court's ADR procedures.

6.     As noted above, the parties believe that the case can be resolved by cross-motions for summary judgment.  The parties propose the following briefing schedule for those motions:

- September 16, 2021: Defendants file motion for summary judgment.

- October 14, 2021: Plaintiffs respond to Defendants' motion and file any cross-motion for summary judgment.

- November 14, 2021: Defendants respond to Plaintiffs' motion and file reply in support of Defendants' motion.

- December 6, 2021: Plaintiffs file reply in support of Plaintiffs' motion.

7.     The parties have agreed that the initial disclosures that would otherwise be required by Fed. R. Civ. P. 26(a)(1)(A)(iii)-(iv) should be dispensed with because they are inapplicable in this case.

With respect to the disclosures specified by Rule 26(a)(1)(A)(i) and (ii), Plaintiffs propose that this information be provided by Defendants at the time Defendants file their motion for summary judgment, and by Plaintiffs at the time Plaintiffs file their cross-motion for summary judgment.  Defendants believe that initial disclosures under Rule 26(a)(1)(A)(i) and (ii) should not

be required; if they are deemed required, such disclosures should be made simultaneously by both parties only if and after discovery has been sought by Plaintiffs and permitted by the Court.

8.      At this time, the parties do not anticipate the need for discovery.  However, Plaintiffs reserve the right to seek discovery under Fed. R. Civ. P. 56(d) in response to Defendants' Motion for Summary Judgment should it appear to Plaintiffs that discovery is necessary. Defendants object to any discovery as unnecessary in this case, which involves a request for materials under an asserted common law right of access of public records.

9.      The parties are not aware at this time of any issues about disclosure, discovery, or preservation of electronically stored information.  Defendants have issued an appropriate hold on the requested materials.

10.     The parties are not aware at this time of any issues about claims of privilege or of protection as trial-preparation materials.

11.     No expert discovery is anticipated at this time, but Plaintiffs reserve the right to rely on an affidavit from an expert witness as part of briefing on the parties' cross-motions for summary judgment.  Defendants preserve all objections to purported expert witness testimony introduced in a manner not permitted by the Federal Rules of Civil Procedure, and reserve their right to conduct discovery, should they deem it necessary, of any expert witness unilaterally introduced by Plaintiffs.

12.     This is not a class action.

13.     The parties do not anticipate a trial being necessary in this case.

14.     In the event a pretrial conference is deemed necessary following resolution of cross-motions for summary judgment, the parties propose submitting a proposed date for any such conference within 30 days of the Court's resolution of those motions.

15.     The Court should not set a firm trial date.

16.     The parties are not aware of any additional matters at this time.

Pursuant to Fed. R. Civ. P. 26(f)(2) and (3), the parties state as follows:

(f)(2): The parties request that the conference be deferred until the cross-motions for summary judgment have been decided

(f)(3): At this time, the parties do not anticipate the need for discovery. However, Plaintiffs reserve the right to seek discovery under Rule 56(d) in response to Defendant's Motion for Summary Judgment should it appear to Plaintiffs that discovery is necessary.  Defendants object to any discovery as unnecessary in this case, which involves a request for materials under an asserted common law right of access of public records.

Pursuant to Paragraph 4(c) of the Court's Standing Order, the parties state as follows:

i.     This case involves a request for materials from the U.S Capitol Police and from the Inspector General for the U.S. Capitol Police.  Plaintiffs' request was made under an asserted common law right of access to public records.  Plaintiffs assert that the statutory basis of the Court's jurisdiction is the Mandamus Act.  Plaintiffs assert causes of actions brought under the common law and 2 U.S.C. § 1909(c)(2).

ii.     The parties request that the Court enter the proposed briefing schedule set forth in No. 6 above and have included a proposed order.

iii.     The parties do not request a conference with the Court before entry of the proposed scheduling order.

Dated:  June 23, 2021                    Respectfully submitted,

                    */s/ Jeffrey L. Light*

4

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Acting Assistant Attorney General

JOHN R. GRIFFITHS
Director
Federal Programs Branch

MARCIA BERMAN
Assistant Director
Federal Programs Branch

*/s/ M. Andrew Zee*
M. ANDREW ZEE (CA Bar No. 272510)
Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6646
Fax: (415) 436-6632
E-mail: m.andrew.zee@usdoj.gov

*Counsel for Defendants*