UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD; BUZZFEED, INC.,

    Plaintiffs,

  v.

J. THOMAS MANGER, in his official capacity as Chief, U.S. Capitol Police; MICHAEL BOLTON, in his official capacity as Inspector General of the U.S. Capitol Police,

    Defendants.

Case No. 1:21-cv-00465-BAH

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Rule 7(h)(1) of the Rules of the United States District Court for the District of Columbia, Defendants state the following material facts as to which there can be no genuine issue:

1. The U.S. Capitol Police (USCP) is a law enforcement agency and is part of the Legislative Branch. Joyce Decl. ¶ 2; Compl. ¶ 4, ECF No. 1.

2. The U.S. Capitol Police Inspector General (IG) supervises and conducts audits, inspections, and investigations involving USCP programs, functions, systems, and operations The IG reports directly to the Capitol Police Board. Bolton Decl. ¶ 2.

3. On or around January 28, 2021, Plaintiff submitted to the USCP and the USCP Office of Inspector General (OIG) identical requests asserting a common law right of access to public records and seeking six categories of documents:

- Inspector General semiannual reports for the period of 2015 forward.

- Inspector General reports, including audits, for the period 2008 forward.

1

- Annual financial statements and audits of annual financial statements for the period of 2015 forward.

- Semiannual reports of disbursements for 2015 forward.

- USCP written directives in effect on January 6, 2021.

- Demonstration permits, denials, or other written memorials of final decisions relating to permits for public gatherings on the Capitol grounds for January 6, 2021.

Joyce Decl. ¶ 3 & Ex. B; Bolton Decl. ¶ 3.

4. By email dated February 11, 2021, the USCP responded to Plaintiffs' request by declining to provide the requested information. The USCP's response noted that the requested categories of information were not "public records." Joyce Decl. ¶ 4; ECF No. 1-1, Ex. 2.

5. On or around April 27, 2021, the Office of the Clerk of the House of Representatives sent to Plaintiffs all documents responsive to Plaintiffs' request for semiannual reports of disbursements for 2015 forward. Joyce Decl. ¶ 5. Plaintiffs no longer dispute this category of materials. Joyce Decl. ¶ 5.

6. On August 17, 2021, the USCP made a discretionary release to Plaintiffs of all documents responsive to Plaintiffs' request for demonstration permits, denials, or other written memorials of final decisions relating to permits for public gatherings on the Capitol grounds for January 6, 2021. Joyce Decl. ¶ 6. Plaintiffs no longer dispute this category of materials. Joyce Decl. ¶ 6.

7. On August 17, 2021, the USCP made a discretionary release to Plaintiffs of USCP directive 1000.002, *Retrieval of Archived Video*, which was in effect on January 6, 2021 and which is responsive to Plaintiffs' request for USCP written directives in effect on January 6, 2021. An

additional directive previously obtained by Plaintiffs, USCP directive 2053.013, *Rules of Conduct*, is also responsive to that request. Joyce Decl. ¶ 7.

8. On August 17, 2021, and September 13, 2021, USCP provided lists of the 111 of its written directives that were in effect on January 6, 2021 that have been determined by a USCP document review team not to be "security information" under 2 U.S.C. § 1979. Joyce Decl. ¶ 8. 65 of the USCP directives that were in effect on January 6, 2021 have been determined by the document review team to be security information, as defined in 2 U.S.C. § 1979. Joyce Decl. ¶ 9.

9. None of the USCP directives that were in effect on January 6, 2021 were created or kept to memorialize or record any official action by the USCP. Joyce Decl. ¶ 11. USCP directives are intended to establish forward-looking policies or guidance for USCP personnel in executing their job responsibilities, at which point the USCP may take official action or make an official decision. Joyce Decl. ¶ 11.

10. Each of the 101 directives at issue is marked "Law Enforcement Sensitive," which indicates that the directive should only be accessed by those with a need to know and should be reasonably protected from unauthorized disclosure. Joyce Decl. ¶ 11.

11. OIG typically produces a report at the conclusion of an audit or investigation. Every six months, OIG is required by statute to prepare a semiannual report (SAR) of its activities during the preceding six-month period. OIG provides each SAR to the Chief of the Capitol Police, who is then responsible for providing the SARs to the committees of Congress specified by statute. Annually, OIG compiles a financial audit report on the USCP's annual financial statements. Bolton Decl. ¶ 7.

12. OIG has interpreted Plaintiffs' request, insofar as it seeks OIG information, to request all Inspector General reports from 2008 forward. Bolton Decl. ¶ 4.

13. Capitol Police Board Order 17.16, *Office of Inspector General Information* (Dec. 12, 2017), prohibits the distribution of Office of Inspector General information, to include audit reports, investigations reports, analyses, review, evaluations, and annual work plans, beyond the USCP or the Capitol Police Board without prior authorization of the Board and Inspector General. The prohibition set forth in this Order encompasses all OIG reports requested by Plaintiffs. Bolton Decl. ¶ 8 & Ex. A.

14. OIG implements Capitol Police Board Order 17.16 by not disclosing any OIG information outside the USCP or the Board unless that disclosure is specifically authorized by the Board. Bolton Decl. ¶ 9. The Capitol Police Board has not authorized the public disclosure of any of the OIG reports requested by Plaintiffs. Bolton Decl. ¶ 10.

15. None of the OIG reports USCP requested by Plaintiffs were created or kept to memorialize or record any official action by the USCP or OIG. OIG lacks authority to take action on behalf of the USCP and is instead authorized only to make recommendations to USCP leadership for particular corrections in specified performance areas. Bolton Decl. ¶¶ 11-12.

Dated: September 30, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JOHN R. GRIFFITHS
Director
Federal Programs Branch

MARCIA BERMAN
Assistant Director
Federal Programs Branch

*/s/ M. Andrew Zee*
M. ANDREW ZEE (CA Bar No. 272510)
Attorney
United States Department of Justice

Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6646
Fax: (415) 436-6632
E-mail: m.andrew.zee@usdoj.gov

*Counsel for Defendants*