**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JASON LEOPOLD; BUZZFEED, INC.,

Plaintiffs,

v.

J. THOMAS MANGER, in his official capacity as Chief, U.S. Capitol Police; MICHAEL BOLTON, in his official capacity as Inspector General of the U.S. Capitol Police,

Defendants.

Case No. 1:21-cv-00465-BAH

**DECLARATION OF JAMES W. JOYCE**

I, James W. Joyce, declare as follows:

1. I am a Senior Counsel in the Office of the General Counsel, General Law Division, for the U.S. Capitol Police (USCP or Department). In this position, I provide general legal advice and legal assistance on, among many other things, criminal matters, constitutional matters, appropriations and procurement matters, matters concerning tort claims, and the overall operations of the Department. I have worked for the USCP in the Office of the General Counsel since November 2004.

2. As part of my duties, together with the USCP's Public Information Office, I oversee the USCP's responses to requests by members of the public for USCP information. Although the USCP is not subject to the Freedom of Information Act (FOIA) because it is part of the Legislative Branch, *see* 5 U.S.C. §§ 551(1)(A), 552(f)(1) (excluding the Legislative Branch from an "agency" subject to the requirements of FOIA), the USCP nonetheless occasionally receives FOIA and FOIA-like requests for incident reports, arrest reports, video footage, and other documents, records, and information. (The USCP also receives official requests for information from its oversight committees in Congress, the Capitol Police Board, and other official entities. I am not

generally responsible for responding to such requests, and they are not the subject of this Declaration.)

3. On or around January 28, 2021, the USCP received from Jason Leopold of Buzzfeed News, both Plaintiffs in this case, a request for certain documents under an asserted common law right of access to public records. A true and correct copy of that request is attached to this Declaration as Exhibit B. Plaintiffs requested six categories of documents, as follows:

- Inspector General semiannual reports for the period of 2015 forward.
- Inspector General reports, including audits, for the period 2008 forward.
- Annual financial statements and audits of annual financial statements for the period of 2015 forward.
- Semiannual reports of disbursements for 2015 forward.
- USCP written directives in effect on January 6, 2021.
- Demonstration permits, denials, or other written memorials of final decisions relating to permits for public gatherings on the Capitol grounds for January 6, 2021.

These requests are the subject of the instant litigation, *Buzzfeed, Inc. v. Manger*, No. 21-cv-00465 (D.D.C.). The first three categories of documents are maintained by the USCP's Office of Inspector General (OIG). The fourth category is maintained by the Office of the Clerk of the House of Representatives. Only the final two categories of documents are maintained by the USCP:

4. On behalf of the USCP, I responded to Plaintiffs' request by email on February 11, 2021. A copy of that email can be found at ECF No. 1-1, Exhibit 2. My response referred Plaintiffs to OIG for the first three categories requested and to the House Legislative Resource Center for the fourth category requested, and declined to provide the final two requested categories of information from the USCP.

5. I understand that on or around April 27, 2021, the Office of the Clerk of the House of Representatives sent to Plaintiffs copies of the requested semiannual reports of disbursements from 2015 forward—that is, the fourth category of documents requested. My understanding is that there is no longer any dispute in this litigation concerning this fourth category of documents.

6. On August 17, 2021, the USCP made a discretionary release to Plaintiffs. This discretionary release included all documents in the sixth requested category—demonstration permits, denials, or other written memorials of final decisions relating to permits for public gatherings on the Capitol grounds for January 6, 2021. The released documents comprised six permits, the accompanying applications, and related documentation, and contained limited redactions for personal contact information of identified individuals and the names of line-level USCP personnel. My understanding is that there is no longer any dispute in this litigation concerning this sixth category of documents.

7. In response to Plaintiffs' fifth requested category, the USCP located 178 directives that were in effect on January 6. Plaintiffs themselves had previously obtained one of those directives and attached it as Exhibit 4 to their Petition for a Writ of Mandamus. *See* ECF No. 1-1 at 10. That directive, USCP directive 2053.013, *Rules of Conduct*, is one that the USCP has filed on the public docket in connection with litigation over personnel matters. On August 17, 2021, the USCP made a discretionary release to Plaintiffs of an additional directive, USCP directive 1000.002, *Retrieval of Archived Video*, which it had also filed on the public docket in connection with litigation. Following this discretionary release, that left 176 directives at issue.

8. In that same August 17 release, in response to a prior request from Plaintiffs' counsel, the USCP provided a list of the 104 written directives that were in effect on January 6, 2021 that had at that time been determined by a USCP Document Review Team not to be "security information" under 2 U.S.C. § 1979. Insofar as these 104 directives are concerned, on September 13, 2021, Plaintiffs stated that they were willing to narrow their request to 34 such directives. On September 16, 2021, the USCP provided an update to Plaintiffs that seven additional directives had been determined not to be security information, and provided Plaintiffs with that list of seven.

On September 17, 2021, Plaintiffs stated that they were willing to narrow their request to two of those seven directives, bringing to 36 the total number of non-security information directives that are at issue (out of a total of 111 non-security information directives originally requested).

9. The remaining 65 (176 – (104 + 7)) of the directives that were in effect on January 6 have been determined by a USCP Document Review Team to be security information under 2 U.S.C. § 1979, and their disclosure is therefore prohibited absent specific authorization from the Capitol Police Board. The Board has not authorized disclosure of any of these directives, and they are therefore prohibited from release.

10. Attached as Exhibit C to this Declaration is a list of the titles of the 101 directives that are currently at issue in this litigation (*i.e.*, the 36 non-security information directives and the 65 security information directives). Exhibit C shows the directive number, the directive title, and whether a directive has been determined to be or not to security information. In addition, I have set forth below the categorical series headings, corresponding to directive numbers, into which each of the directives in Exhibit C falls:

VOLUME I: OPERATIONS
Series 1000 General Operational Management (Miscellaneous)
Series 1010 Authority &Jurisdiction
Series 1020 Enforcement
Series 1030 Protection, Detection & Assessment
Series 1040 Building Security & Regulations
Series 1050 Response, Deployment & Mitigation
Series 1060 Evidence & Property
Series 1070 Uniforms, Clothing & Equipment
Series 1080 Public Service & Affairs

VOLUME II: ADMINISTRATION
Series 2000 General Administrative Management (Miscellaneous)
Series 2010 Department Publications
Series 2020 Correspondence, Records & Forms

Series 2030 Audits, Inspections & Management/Internal Controls

Series 2040 Legal, Regulatory & Legislative Matters

Series 2050 Human Capital

Series 2060 Education & Training

Series 2070 Financial Management

Series 2080 Information Systems & Technology

Series 2090 Facilities & Logistics

11. None of the requested USCP directives, regardless of whether they are security information under 2 U.S.C. § 1979, constitute "public records" to which the public has a common law right of access. Each page of every directive is marked "Law Enforcement Sensitive." The Law Enforcement Sensitive designation—which is distinct from "security information" under 2 U.S.C. § 1979—is used widely throughout federal, state, and local law enforcement agencies to control and safeguard sensitive information. Within the USCP that designation indicates that such information should only be accessed by those with a need to know and should be reasonably protected from unauthorized disclosure. As indicated by the Law Enforcement Sensitive designation on each page, these directives contain operational information that would reveal confidential sources and methods, investigative activities and techniques. They also reflect the USCP's internal policies, rules, protocols, and guidance for USCP personnel on a variety of subjects, including Capitol security, traffic enforcement, law enforcement training, interacting with Congress, and workplace rules and benefits. The directives consist of, for example, how USCP personnel are to respond to particular threats or incidents; USCP weapons policies; uniform and equipment policies; traffic control policies; and a variety of personnel policies and programs. I note here that, as such, USCP directives describe "information related solely to the internal personnel rules and practices of an agency" and would fall under Exemption 2 of the Freedom of Information Act, if the USCP were subject to the Freedom of Information Act. Further, USCP directives are not intended to record any official USCP actions, but rather to establish forward-looking policies or guidance for its personnel in executing their job responsibilities, at which point the USCP may take official action or make an official decision. To my knowledge, none of these

directives have been publicly disclosed; those which have been previously disclosed were, as noted above, provided to Plaintiffs in this case.

12. Were these directives, particularly those determined to be security information, to be publicly disclosed by order of this Court, I believe it would impair the USCP's ability to execute its mission of protecting the U.S. Capitol and the Congress. Granting public access to the sensitive law enforcement information contained in the security information directives could unduly reveal the methods, techniques, and responses that the USCP employs for Capitol Grounds security and could also increase the potential for individuals and groups that wish to disrupt, attack, or harm the Capitol or the Congress to do so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 30th day of September, at Washington, D.C.

James W. Joyce